UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:02CV-222-EHJ

MARY FURGERSON,
on behalf of B.R.F.                                                                                            PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                     DEFENDANT

## MEMORANDUM OPINION

      This matter is before the Court on plaintiff's objections to Magistrate Judge Goebel's Findings of Fact, Conclusions of Law, and Recommendation that the Commissioner's decision to discontinue supplemental security income benefits be upheld. After conducting a de novo review of plaintiff's specific written objections, the Court accepts the recommendation and the Commissioner's determination is affirmed. Plaintiff's objections to the magistrate's report include 1) that the child's asthmatic condition meets or medically equals Listing 103.03B; 2) the ALJ should have obtained a medical advisor to evaluate Dr. Morton's June 2001 letter; and 3) the ALJ did not properly evaluate the child's mental impairments and evaluation by Dr. Laird.

      With regard to the issue whether the child's asthmatic condition meets or medically equals Listing 103.03B, the Court finds that this issue was adequately analyzed by the ALJ and sufficiently addressed in the magistrate's report. As was noted by the magistrate, the symptomology of Stage II asthma (symptoms greater than 1-2 times per week) differs from the definition of "attacks" as defined by Listing 103.03/3.00C (attacks are defined as prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting.) Furthermore, Dr. Morton's June 13, 2001 letter only serves to confirm evidence

that was already contained in the medical record regarding the child's suffering from stage II asthma. Simply put, the frequency of the child's asthmatic symptoms is not the issue; it is the severity of the child's asthmatic symptoms that fail to meet the criteria of Listing 103.03B. Plaintiff argues that the magistrate did not address the argument that Dr. Morton's report was not evaluated. However, as that letter added nothing new to the medical evidence, this argument is without merit. The ALJ properly weighed the records of Dr. Morton in making his findings (Tr. 19) that the child's asthma was under good control with prescribed treatment and medication. For the reasons set forth in the magistrate report, Dr. Morton's medical opinions are not substantial evidence to support plaintiff's contention that the child meets or medically equals Listing 103.03B, nor is the evidence sufficient to satisfy SSR 96-6p requiring an ALJ to obtain an updated medical opinion.

Plaintiff next contends that the ALJ did not properly evaluate the child's mental impairments. Plaintiff relies upon the Psychological Evaluation Report of psychologist Dr. Roger Laird containing raw medical data to argue that the ALJ should have sought additional input from a medical expert. This argument glosses over the fact that Dr. Laird's report not only contains raw data, but also explains that data in detail. Additionally, the evaluation by Dr. Laird notes that the child is "at risk" for post traumatic stress disorder and ADHD, it does not diagnose these conditions. No limitations are identified as a result of these possible conditions. For the reasons set forth in the magistrate report, Dr. Laird's report simply does not meet the threshold requirements for SSR 96-6p to apply.

For the foregoing reasons, the Findings of Fact, Conclusions of Law, and Recommendation of the magistrate are adopted, and the Commissioner's decision is upheld. A Judgment in conformity with this Memorandum Opinion has this day been entered.